**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHELLE R. POUPPIRT, | No. 12-35361 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00114-BR |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted June 29, 2015[**]

Before:  THOMAS, Chief Judge, D.W. NELSON and LEAVY, Circuit Judges.

Michelle R. Pouppirt appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her applications for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Social Security Act. At step four of the sequential evaluation process, the administrative law judge ("ALJ") found that, despite Pouppirt's severe impairments of endometriosis and interstitial cystitis, she could perform her past relevant work. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We affirm the district court's judgment.

The ALJ did not err in finding that Pouppirt was not entirely credible. *See Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014). He supported his finding with specific, clear and convincing reasons by citing inconsistencies between Pouppirt's hearing testimony and other evidence, including a treating doctor's notes, Pouppirt's demeanor at the hearing, her function report from 2006, her statements to a consulting psychologist, and her work history. *See Ghanim v. Colvin*, 763 F.3d 1154, 1163-64 (9th Cir. 2014); *Molina*, 674 F.3d at 1112-13.

The district court correctly concluded that any error in the ALJ's failure to identify additional severe impairments beyond endometriosis and interstitial cystitis at step two was harmless because the ALJ resolved step two in Pouppirt's favor. *See Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005). In addition, substantial evidence supported the ALJ's finding that Pouppirt's somatoform disorder did not significantly limit her ability to perform the full range of light work. *See id.*

(holding that in assessing claimant's residual functional capacity, ALJ must consider the limitations and restrictions imposed by all of her impairments, even those that are not severe). Moreover, the evidence before the ALJ, considered together with new evidence accepted by the Appeals Council, supported the ALJ's finding that Pouppirt's migraine headaches caused only transient or mild symptoms and limitations, or were well-controlled with medication, and thus did not prevent her from performing the full range of light work. *See Brewes v. Comm'r of Soc. Sec.*, 682 F.3d 1157, 1163 (9th Cir. 2012) (holding that "when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence").

**AFFIRMED.**

3